EDWARD MICHAEL SWANSON AND CYNTHIA L. SWANSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Swanson v. Commissioner
Docket No. 11643-83.
United States Tax Court
T.C. Memo 1984-524; 1984 Tax Ct. Memo LEXIS 155; 48 T.C.M. (CCH) 1267; T.C.M. (RIA) 84524; October 1, 1984. Edward Michael Swanson, pro se. David Goldberg, for the respondent. *156 GUSSIS MEMORANDUM FINDINGS OF FACT AND OPINION GUSSIS, Special Trial Judge: This case was assigned to special Trial Judge James M. Gussis for consideration and ruling pursuant to the provisions of section 7456(c) and (d) [1] and General Order No. 8, 81 T.C. XXIII (1983). Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1981 in the amount of $3,341 and also determined additions to tax under section 3353(a)(1) for 1981 in the amount of $167.05 and under 6653(a)(2) for 1981 of 50 percent of the interest due on the underpayment of $3,231 caused by negligence. The issues are whether petitioners are entitled to a deduction for amounts purportedly paid to the Universal Life Church of Modesto, California and whether petitioners are liable for the additions to tax under sections 6653(a)(1) and 6653(a)(2). Petitioners were residents of Bellerose Terrace, New York at the time the petition herein was filed. Petitioner Edward M. Swanson was employed by Nassau County (N.Y.) as a police officer during *157 the year 1981.He claimed a charitable deduction on his 1981 tax return for purported contributions to the Universal Life Church of Modesto, California in the amount of $12,990 which was disallowed by the respondent. Petitioner has the burden of proving that he is entitled to a deduction for a charitable contribution under section 170. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Section 170(a)(1) explicitly provides that a charitable contribution shall be allowable as a deduction only if verified under the prescribed regulations. The regulations provide that the district director may require statements from donee organizations to corroborate claimed contributions. Section 1.170A-1(a)(2)(iii), Income Tax Regs. Petitioner obtained a charter from the Universal Life Church, Inc. of Modesto, California for a local Universal Life Church congregation located in petitioner's home at Bellerose Terrace, New York. However, he apparently contends that he made the alleged contributions to the Universal Life Church of Modesto, California. To establish his contributions he offered a "annual receipt" of contributions *158 from the Universal Life Church, Inc. of Modesto. The "annual receipt" was not admitted into evidence because of its hearsay character. See Davis v. Commissioner,81 T.C. 806, 814 (1983); see also Mustain v. Commissioner,T.C. Memo. 1982-670. Petitioner also relies upon a series of receipts which purport to acknowledge contributions in the amount of $12,990. These receipts, with one exception, were signed by petitioner's father. [2] Petitioner testified that some of this money went to the church in Modesto and some was used to run the local congregation. Petitioner also relies upon five checks issued by him to the Universal Life Church. Four of these checks were deposited in an account for which petitioner had sole signatory authority while one of the checks was deposited in a "Universal Life Church" account for which certain acquaintances had sole signatory authority. The record contains no information to show how had for what purposes these amounts were expended. Petitioner refused to make available any bank records or other evidence which would throw some light on the distribution or use of these funds. Consequently, the record simply does *159 not establish that any of the purported contributions were made to the Universal Life Church, Inc. in Modesto, California. [3] As far as we can discern from this record petitioner at all times maintained dominion and control over the funds involved. See Davis V. Commissioner,supra, at 817-818. In short, petitioner has completely failed to meet his burden of showing that he made contributions to a tax-exempt church within the meaning of sections 170(a) and 170(c). We hold therefore that petitioner is not entitled to a charitable contribution deduction under section 170 for the purported donations to the Universal Life Church in 1981. Section 6653(a)(1) imposes an addition to tax if any part of the underpayment *160 of tax is due to negligence or intentional disregard of rules and regulations. This Court has repeatedly sustained the addition to tax under section 6653(a)(1) in cases such as this involving efforts of this type to create deductions through purported charitable contributions to a "church" where there is no indication that such "contributions" ever in fact left the taxpayer's dominion and control. See Davis v. Commissioner,supra, at 820. We are satisfied on the basis of this record that the addition to tax under section 6653(a)(1) is fully justified in this case. We also find on the basis of the entire record that the underpayment of tax due to negligence is $3,231. Consequently, respondent's claim for an addition to tax under section 6653(a)(2) is sustained. We must next decide whether damages should be awarded to the United States under section 6673. As applicable here, section 6673 provides that "[w]henever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess *161 of $5,000 shall be awarded to the United States by the Tax Court in its decision." We have considered the record in this case and we are persuaded that the petitioner's position is frivolous and that this proceeding was instituted merely for delay. Accordingly we award damages to the United States pursuant to section 6673 in the amount of $1,500. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Petitioner testified that his father was treasurer of the local congregation. ↩
3. It is clear that the local congregation was not included in the tax-exempt status originally granted to the church in Modesto. See Riemers v. Commissioner,T.C. Memo. 1981-456↩. We should also note that the Internal Revenue Service has recently withdrawn the tax-exempt status of the Universal Life Church, Inc. of Modesto, California.